IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JETT AND COMPANY, d/b/a Jett & Company,
   Principal Address: 260 Picketts Line, Newport News, VA 23603

Plaintiff,

v.

SHIVER SOUTHWEST, LLC,

    and

JAMES B. SHIVER, JR.,

Defendants.

Civil Action #: _____

NOW COMES Jett and Company, d/b/a Jett & Company ("Jett"), by counsel, and for its complaint against Defendants Shiver Southwest, LLC ("Shiver Southwest") and James B. Shiver, Jr. ("James Shiver"), states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Jett is a Virginia stock corporation with principal office located in Newport News, Virginia as set forth above.

2. Shiver Southwest is an Arizona limited liability company with principal office located in Albuquerque, New Mexico as set forth above. Shiver Southwest is registered to do business in the Commonwealth of Virginia, designated with Entity ID# T0806424. Shiver Southwest's registered agent is as set forth above. Upon information and belief, no member of Shive Southwest is a citizen of Virginia.

3. James Shiver identified himself to Jett as being Shiver's President and he is a personal guarantor respecting the transactions in question. James Shiver identified his address to Jett as being 1307 Dinkle Road, Stanley, NM 87056.

4. The Defendants by contract agreed to submit to personal jurisdiction in Virginia and the forum for any litigation pursuant to the contract as Newport News, Virginia. Moreover, the matters that are the subject of this action substantially took place and have significant nexus to this Court otherwise.

5. Jurisdiction is proper pursuant to 28 U.S. Code § 1332 as it involves an amount in controversy of more than $75,000 and the parties have diverse citizenship.

6. All conditions precedent, if any, to the filing and maintenance of this action, and to the granting of all relief sought herein by Plaintiff, have occurred, been met, been satisfied, or been waived.

## COMMON FACTS ASSOCIATED WITH ALL COUNTS

7. Plaintiff re-alleges each of the foregoing paragraphs as if set forth fully herein.

8. Shiver Southwest sought construction materials and supplies from Jett, pursuant to which Shiver Southwest entered into that certain "Credit Agreement" dated June 24, 2019 with Jett. True copy of the Credit Agreement is attached as Exhibit A.

9. James Shiver executed the Credit Agreement as both President of Shiver Southwest and as personal guarantor; agreeing to be personally liable, jointly and severally, respecting all purchases made by Shiver Southwest from Jett. See Exhibit A, Page 3 of 3.

10. Payments under the Credit Agreement were due and payable with 30 days of Jett's invoice for applicable materials and supplies furnished to Shiver Southwest. See Exhibit A, Page 3 of 3.

11. Additionally, in the event of nonpayment, Jett was entitled under the Credit Agreement for 1 ½% interest per month on invoice amounts past due until paid, both before and after judgment, and further entitled to all costs incurred in collection of past due amounts, including attorney's fees in the amount of 1/3 of the total balance due by Shiver Southwest. *See* Exhibit A, Page 3 of 3.

12. Defendants agreed in the Credit Agreement to submit to personal jurisdiction in Virginia and that the forum for any litigation pursuant to the Credit Agreement would be the City of Newport News, VA. *See* Exhibit A, Page 3 of 3.

13. Shiver Southwest ordered materials and supplies from Jett for which Shiver Southwest has not paid Jett (collectively "Materials"). True copy of a summary statement of account respecting the applicable invoices and amounts due Jett by Shiver Southwest for the Materials is attached as Exhibit B.

14. As noted in Exhibit B, the total balance due Jett for the Materials through June 30, 2020, including interest, is $71,429.89, regarding which Jett is additionally due its costs of collection, including attorney's fees in the amount of 1/3 of that total.

15. Despite demands, neither Defendant has paid Jett for the Materials; thus, necessitating this action to collect the same and entitling Jett to judgment against both Defendants, jointly and severally.

## COUNT 1 – BREACH OF CONTRACT

16. Plaintiff re-alleges each of the foregoing paragraphs as if set forth fully herein.

17. Shiver Southwest's failure and refusal to pay for the Materials materially breached Shiver Southwest's contractual obligations owed to Jett pursuant to the Credit Agreement.

18.     Because of Shiver's aforesaid material breaches, Jett has been damaged and Shiver Southwest is legally liable to Jett for those damages, as aforesaid, including the principal amount, plus interest due thereupon incrementally until paid in full, pre- and post-judgment, and plus collection costs, including attorney's fees of 1/3 of the total balance due by Shiver as set forth above pursuant to the Credit Agreement.

19.     Thus, the amount in controversy, exclusive of cost and interest, through June 30, 2020, is at least $95,216.04 ($64,918.71 in principal; $6,511.18 in interest; and $23,786.15 in attorneys' fees pursuant to the Credit Agreement); which amount is, however, continually increasing until paid in full as per the Credit Agreement. In the alternative, Jett alleges that a reasonable attorney fee for its prosecution of this suit, and the fees it will incur, will exceed $10,500, which is in controversy, and thus renders amount in controversy exceeds 28 U.S. Code § 1332's jurisdictional amount.[1]

## COUNT 2 - PERSONAL GUARANTEE

20.     Plaintiff re-alleges each of the foregoing paragraphs as if set forth fully herein.

21.     In executing the Credit Agreement as both President of Shiver Southwest and as personal guarantor, James Shiver agreed to be personally liable, jointly and severally, respecting all purchases made by Shiver Southwest from Jett.

22.     Shiver Southwest has failed and refused to pay for the Materials as set forth above and James Shiver is, accordingly, personally liable for all amounts due Jett by Shiver Southwest as set forth above in the same amount, way, and manner as Shiver Southwest in Count 1 above;

---

[1] *See Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013); *Branch Banking & Tr. Co. v. Okay*, No. 1:16cv555(JCC/JFA), 2016 U.S. Dist. LEXIS 112421, at *12-13 (E.D. Va. Aug. 23, 2016).

to-wit: the principal sum due, pre- and post-judgment interest, and collection costs, including attorney's fees of 1/3 of the total balance due by Shiver as set forth above pursuant to the Credit Agreement.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, by counsel, demands judgment against Defendants, jointly and severally, and that the Court award Plaintiff monetary relief as requested hereinabove, including the principal due, pre- and post-judgment interest thereupon, and attorney's fees; all as per the Credit Agreement; or, alternatively, such other amount(s) as proven at trial herein; and further such other and further relief, legal, equitable, or both, as deemed proper by the Court under the facts and circumstances as proven by Plaintiff.

JETT & COMPANY

By: /s/ Neil S. Lowenstein

Neil S. Lowenstein (VSB #29845)
Email: nlowenstein@vanblacklaw.com
Dustin M. Paul (VSB #75287)
Email: dpaul@vanblacklaw.com
VANDEVENTER BLACK LLP
101 W. Main St., Ste. 500
P: 757.446.8600 / F: 757.446/8670
*Attorneys for Plaintiff*

## VERIFICATION

The undersigned, Judy Jorgensen, Vice President and Sales Manager of Jett and Company, the Plaintiff herein, hereby certifies that: a) she has read the allegations of the foregoing complaint and provided legal counsel with the information on which it is based; b) that to the best of her knowledge and belief, the allegations contained in the complaint are accurate and complete and the exhibits are true copies of the same; c) this statement is made under the penalty of perjury in accordance with 28 U.S. Code § 1746; and d) she is over the age of 18 and competent, and authorized, to make this verification and declaration on behalf of Jett and Company.

So declared this date: July 2, 2020

*[signature]*
Judy Jorgensen, Vice President, Sales Manager
Jett and Company

4841-7540-7548, v. 1